UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERSON JAFETH MEDINA GALINDO,

Petitioner,

v. Case No. 3:26-cv-2276-MMH-PDB

WARDEN RONNIE WOODALL, et al.,

Respondents.

# ORDER

Petitioner Jefferson Jafeth Medina Galindo, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Doc. 1; Petition) on September 1, 2026. See generally Petition. Medina Galindo, a citizen of Honduras, was paroled into the United States on September 25, 2023. Id. at 16. He has a pending asylum application. Id. at 18. On July 6, 2026, local authorities arrested Medina Galindo following a traffic stop. Id. at 16. A few days later, on July 9, 2026, United States Immigration and Customs Enforcement (ICE) assumed custody of Medina Galindo. Id. The crux of Medina Galindo's Petition is that he is not subject to mandatory detention under 8

U.S.C. § 1225(b)(2). Id. at 22–29; 38–40. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 53–54.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Medina Galindo, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Medina Galindo was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Medina Galindo's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order,

[1] Because the Court finds that Medina Galindo is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after

Respondents shall either afford Medina Galindo an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Medina Galindo, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").